**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,
    Plaintiff,

v.

[12] LUIS MENDEZ QUINONES,
    Defendant.

CRIMINAL NO. 17-426 (CCC)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE: RULE 11(c)(1)(B) GUILTY PLEA HEARING**

**I.    Procedural Background**

On July 13, 2017, defendant Luis Mendez Quinones was charged in a multi-count indictment. He agrees to plead guilty to Count One.

Count One charges that beginning in or about the year 2007, and continuing up to and until the return of the Indictment, in the Municipality of Utuado, in the District of Puerto Rico and within the jurisdiction of this Court, Luis Mendez Quinones, and other persons, did knowingly and intentionally, combine, conspire and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance; two hundred and eighty (280) grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; all within one thousand (1,000) feet of the real properties comprising housing facilities owned by a public housing authority, that is, the Fernando Luis Garcia Public Housing Project; and the Jardines de Utuado Public Housing Project, in Utuado, Puerto Rico. All in violation of Title 21, United States Code Sections 841(a)(l), 846, and 860.

Defendant appeared before me, assisted by the court interpreter, on June 7, 2019, because the Rule 11 hearing was referred by the court. See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of

defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

## II.     Consent to Proceed Before a Magistrate Judge

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed.[1] He was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge. He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge. He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge. The defendant then voluntarily consented to proceed before a magistrate judge.

## III.    Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernandez-Wilson, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244 (1st Cir. 1991)).

### A.     Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol,

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the indictment and fully discussed the charge with his attorney and was satisfied with the advice and representation he received. The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea. After considering the defendant's responses, and observing his demeanor, a finding was made that Mr. Mendez Quinones was competent to plead and fully aware of the purpose of the hearing.

### B. Maximum Penalties

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely: a term of imprisonment of not less than ten (10) years, and up to two (2) terms of life in prison; a fine of not more than twenty million dollars ($20,000,000), and a supervised release term of not less than ten (10) years in addition to any term of incarceration.

However, based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least 2KG but less than 3.5 KG of cocaine, the defendant faces a minimum term of imprisonment of five (5) years up to a maximum term of eighty (80) years, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised release of at least eight (8) years in addition to any term of incarceration. The defendant also understood that a Special Monetary Assessment of $100.00 would be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a). The court explained the nature of supervised release and the consequences of revocation. The defendant indicated that he understood the maximum penalties for Count One and the potential consequences of the guilty plea.

### C. Plea Agreement

Mr. Mendez Quinones was shown his plea agreement, and the plea agreement supplement, which are part of the record, and identified his initials and signatures. He confirmed that he had the opportunity to read and discuss the plea agreement with his attorney before he signed it, that it

represented the entirety of his understanding with the government, that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty.

The defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(B), and expressed his understanding that the terms of the plea agreement are merely recommendations to the court, and that the district judge who will preside over the sentencing hearing can reject the recommendation without permitting the defendant to withdraw his guilty plea, and impose a sentence that is more severe than the defendant might anticipate. The defendant was specifically informed that the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the plea agreement or provided by his attorney, and that the court had the authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a).

The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes, but that pursuant to the plea agreement the defendant will waive his right to appeal both his sentence and his conviction if the court adopts the plea agreement and sentences him according to its terms and conditions.

### D.     **Waiver of Constitutional Rights**

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or trial before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to the assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the

right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify. He was further informed that if he decided not to testify or put on evidence at trial, the failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty or not guilty.

The defendant specifically acknowledged understanding these rights and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served, and that his guilty plea may result in loss of important civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm. The defendant confirmed that he understood these consequences of the guilty plea.

### E. **Factual Basis for the Guilty Plea**

Defendant was read in open court Count One of the indictment and provided an explanation of the elements of the offense. The meaning of terms used in the indictment was explained.

Upon questioning, the defendant admitted to facts constituting all of the elements of the offense charged in Count One and that the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt.

### F. **Voluntariness**

The defendant indicated that he was not being induced to plead guilty but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered a thing of value in exchange for his plea. He acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set forth in the plea agreement. Throughout the hearing the defendant was able to consult with his attorney.

### IV. Conclusion

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Count One of the indictment.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Luis Mendez Quinones is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count One of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**A sentencing hearing has been set for September 5, 2019 at 1:30PM before Hon. Carmen C. Cerezo.**

**IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 7th day of June 2019.

*s/Marshal D. Morgan*
MARSHAL D. MORGAN
United States Magistrate Judge